# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **IN RE HABEAS CORPUS** | § |
| **PETITIONS REGARDING** | § |
| **8 U.S.C. §§ 1225 and 1226.** | § |

## NOTICE OF ORAL ARGUMENT IN THE FIFTH CIRCUIT COURT OF APPEALS AND ORDER FOR SUPPLEMENTAL BRIEFING

This is one of 134[1] habeas corpus cases pending in this Court in which the petitioners seek relief, in whole or in part, under 28 U.S.C. § 2241. The Court now receives between 20 to 25 new such cases each week, and yesterday the Court received 6 new cases. The petitioners argue that they are eligible for bond under 8 U.S.C. § 1226 and the government argues that 8 U.S.C. § 1225 mandates detention because the petitioners are "applicants for admission" under that statute. Some district courts in the Fifth Circuit have accepted the government's argument and others have accepted the petitioners' argument.[2] The issue has not yet been resolved in either the Supreme Court or the Fifth Circuit Court of Appeals, but the Fifth Circuit has set for oral argument in the case of *Buenrostro-Mendez v. Bondi*, No. 25-20496 (and multiple consolidated cases), **on February 3, 2026, at 9:00 a.m.**, the following government's "Statement of the Issue": "Whether an applicant for admission is eligible for bond under 8 U.S.C. § 1226 when the Immigration and Nationality Act mandates detention under 8 U.S.C. § 1225(b)(2) for applicants for admission, with parole under 8 U.S.C. § 1182(d)(5) as the exclusive statutory mechanism for release." The Fifth Circuit's opinion should control, in whole or in large part, this Court's resolution of most of the cases before it.

**ORDERS:**

1. The Court anticipates that once the Fifth Circuit issues its opinion, the undersigned may have between 200 to 250 pending cases regarding this issue. To ensure prompt resolution of the cases and to avoid the need to await individualized written opinions and rulings, the Court may conduct live hearings in these cases during which the undersigned may rule from the bench on the record, especially if the Fifth Circuit's resolution of the issue mandates bond hearings in the immigration courts and/or the petitioners' release. Accordingly, if the Court decides to hold such hearings, out-of-town counsel should be prepared to travel to El Paso to appear live on short notice. Alternatively, **out-of-town counsel may retain local El Paso counsel to appear on their behalf**.

---

[1] As of January 29, 2026.

[2] *See, e.g.*, *Sandoval v. Acuna*, No. 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025) (Louisiana district court case denying habeas relief); *Islas v. Wolfe*, No. 1:25-CV-01614 SEC P, 2026 WL 105602 (W.D. La. Jan. 14, 2026) (Louisiana district court case granting habeas relief); *Rodriguez v. Noem*, No. 9:25-CV-00320, 2025 WL 3639440 (E.D. Tex. Dec. 10, 2025) (Texas court case denying habeas relief); *Aguilar v. Bondi*, No. 5:25-CV-01453-JKP, 2025 WL 3471417 (W.D. Tex. Nov. 26, 2025) (Texas court case granting habeas relief).

This Court does not conduct virtual hearings and requests to continue these dispositive hearings will be discouraged.

2. The petitioners have failed to plead in nearly all cases, if not all, that they were arrested "[o]n a warrant issued by the Attorney General."[3] At least one district court has dismissed a habeas petition because of the absence of any reference to or the existence of such warrant.[4] Accordingly, **within 14 days of this order**, each petitioner shall brief (1) whether he or she was arrested "on a warrant issued by the Attorney General"; (2) if not, how he or she is eligible for bond under 8 U.S.C. § 1226; and (3) if not eligible for a bond for want of an Attorney General-issued warrant, how habeas relief is available at all. Petitioner's briefing is limited to **five pages**, and the government's response will be due **10 days thereafter** and is also limited to **five pages**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 29, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 8 U.S.C. § 1226.

[4] *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132 (D. Neb. 2025); *see also Ramos v. Lyons*, No. 2:25-cv-09785-SVW-AJR, 2025 U.S. Dist. LEXIS 227045 *15, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025).